```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __6/29/2023__
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EVA VILLANUEVA, AS ADMINISTRATOR OF THE ESTATE OF HER BROTHER, HERMINIO VILLANUEVA,

           Plaintiffs,

    v.

THE CITY OF NEW YORK; CORRECTION OFFICER KENYATTA JONES, SHIELD NO. 2192; AND CORRECTION OFFICER TYIESHA COTTLE, SHIELD NO. 18386, and JOHN AND JANE DOES 1-11,

           Defendants.

No. 22 Civ. 9411 (AT)

## [PROPOSED] STIPULATED PROTECTIVE ORDER

WHEREAS discovery herein may include the production of information and/or documents that (a) contain highly sensitive information, policies, procedures or other matters that, if disclosed, could jeopardize individual, correctional or institutional safety, security or good order, (b) contain information that is confidential under state or federal law, or (c) contain information of a personal nature,

IT IS HEREBY STIPULATED AND AGREED that:

1.    The term "document" as used herein is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a) and Rule 26.3(c)(2) of the Local Civil Rules of this Court.

### "CONFIDENTIAL" DOCUMENTATION

2.    The parties may designate as **"Confidential"** documents produced from the records of the City of New York, the New York City Department of Correction, or other agency,

the disclosure of which would jeopardize correctional or institutional safety, security or good order, exclusive of any documents that Plaintiff obtained via FOIL request; documents which contain information that is confidential under state or federal law; medical information; and sensitive personal information. Such documents and information may be referred to hereafter as "Confidential."

    3.    Access to the Confidential documents and/or information shall be limited to:

        a.    The parties to this action;

        b.    Counsel for the parties to this action, including in-house counsel, counsels' employees, and independent contractors who have direct functional responsibility for the preparation or trial of this action, or any appeal thereof;

        c.    The parties' respective experts and consultants, to the extent deemed necessary to the conduct of this litigation by the respective attorneys for Plaintiff or Defendants, except that, prior to any such person being given access to the Confidential documents and/or information, that person shall be given a copy of this Stipulation and Protective Order and shall execute the Certification annexed hereto;

        d.    The Court, its employees, and its officers, provided that any such documents are filed with the Court under seal;

        e.    Stenographers and videographers hired for purposes of transcribing depositions; and

        f.    Any other person(s) agreed to in writing by counsel for the parties, except that, prior to any such person being given access to the Confidential documents and/or information, that person shall be given a copy of this Stipulation and Protective Order and shall execute the Certification annexed hereto.

4.  An inadvertent failure to designate Confidential may be corrected by promptly providing supplemental written notice to the receiving party, who thereafter shall treat such document(s) as if it had been properly designated originally. In the event that such document(s) and/or information will have been disclosed to individuals not entitled to access Confidential documents/information pursuant to Paragraph 9, the party failing to make the initial designation may request the receiving party retrieve the documents from such recipients.

5.  If, pursuant to Paragraph 2, a party designates any document as Confidential after it has already been produced, the producing party shall produce to the other parties substitute copies of such documents which shall be clearly marked as "Confidential." The parties to whom the substitute copies of such documents are produced shall substitute the later produced documents for the previously produced documents, and destroy or return, and certify the destruction or return, to the producing party all copies, both hardcopy and electronic, of the previously produced documents.

6.  Confidential documents shall be sealed as Confidential and not disclosed, except to the extent provided in this Stipulation and Protective Order or as otherwise ordered by the Court.

7.  Nothing in this Protective Order constitutes an admission by any party that Confidential documents and/or information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential documents and/or information.

**STIPULATIONS APPLICABLE TO ALL DOCUMENTATION PRODUCED**

8.  All transcripts of depositions taken in this Action will be treated as "Confidential" in their entirety for thirty (30) days after the parties are notified that a full and final copy of the

deposition transcript is available. During that thirty (30) day period, either party may designate as Confidential any portion of the transcript, by page and line, and any deposition exhibits related to the subject areas described in Paragraph 2 herein, and such designation must be provided to Plaintiff's counsel and Defendants' counsel in writing to be deemed effective. Any portion of the deposition transcript or exhibits not so designated during the thirty (30) day period will not thereafter be treated as Confidential.

9. Confidential information may be disclosed pursuant to order of a court or administrative agency or tribunal with actual or apparent authority over the parties or their counsel, provided, however, that, in the event that the parties or their counsel intend to produce Confidential documents, or that contain Confidential information obtained from such documents in response to such order, the producing party or counsel shall serve notice of such order upon the other parties and counsel in this action within a reasonable amount of time prior to the production thereof, to provide an opportunity to seek a protective order against such production. The receiving party agrees to cooperate with the producing party in resisting the demand or request and the producing party shall be responsible for pursuing any objection to the requested production.

10. No person receiving Confidential documents and/or information pursuant to this Stipulation and Protective Order shall disclose or discuss such Confidential information in any manner, written or oral, to or with any person who is not entitled to receive such Confidential documents and/or information pursuant to this Stipulation and Protective Order.

11. If a party objects to the designation of any document or information as Confidential, such party shall state such objection in writing to the counsel for the party that designated the Confidential. Counsel shall in good faith attempt to resolve such conflict. If the

conflict cannot be resolved among counsel, the objecting party may move the Court to remove the designation. Any disputed documents shall be treated as originally designated until the parties resolve the conflict or the Court issues its ruling regarding the conflict.

12. In the event that a party intends to file with the Court any papers that attach or enclose documents containing Confidential information produced pursuant to this Stipulation and Protective Order or that contain Confidential information obtained from such documents, including deposition transcripts, that party shall file those materials under seal based upon the producing parties' designation. Any party filing a motion or other papers with the Court under seal shall also publicly file a redacted copy of the same that redacts only the Confidential information or reference thereto, and does not redact text that in no material way reveals the Confidential information.

13. Nothing herein shall be deemed to waive any applicable privilege. No privilege or protection is waived by disclosure connected with this lawsuit, nor is any such disclosure a waiver in any other federal or state proceeding, and any disclosed material is subject to return to the producing party ("clawback") on demand.

14. Confidential documents and/or information produced pursuant to the terms of this Stipulation and Protective Order shall be used by the receiving party solely for the purposes of this action and solely to the extent necessary for the litigation of this action, including any appeals thereof.

15. Within one-hundred-and-twenty (120) days of the conclusion of this Action, including any appeals, receiving parties shall either return to producing parties all Confidential documents, and any copies thereof, in their custody, possession or control and any documents containing Confidential information, in whole or in part, and any copies made therefrom or shall

notify the producing parties in writing that all such Confidential information has been destroyed, with the exception of (i) copies of each pleading and litigation document filed with the Court, (ii) each written discovery request and written response thereto (but not Confidential produced in response to a request for production of documents), and (iii) any back-ups of Confidential information as are routinely made and kept by counsel in the normal course of business. Any such back-ups will be destroyed as soon as is practicable.

16. Within thirty (30) days of the conclusion of this Action and to the extent permitted by the Court, counsel shall retrieve from the Court's file any Confidential information filed in Court and shall either return such Confidential information to the other party's counsel within (30) days of retrieval or shall notify other party's counsel in writing that all such Confidential information has been destroyed.

17. Nothing in this Order shall foreclose the parties from separately negotiating and agreeing in writing to the confidential treatment of documents not contemplated by this Stipulation and Protective Order and identified in Paragraph 2 herein.

Dated: June 28, 2023
New York, New York

| EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL, LLP | HEIDELL, PITTONI, MURPHY & BACH, LLP |
|---|---|
| /s/ | /s/ |
| Katherine Rosenfeld | Austa S. Devlin |
| Daniel M. Eisenberg | Gabrielle L. Apfel |
| *Attorneys for Plaintiff* | *Attorneys for Defendant the City of New York and Defendant Correction Officer Cottle* |
| 600 Fifth Avenue, 10th Floor | 81 Main Street, Suite 112 |
| New York, New York 10020 | White Plains, New York, 10601 |
| 212.763.5000 | 914.559.3100 |

KARASYK & MOSCHELLA, LLP


_____/s/_____
John Burns
*Attorneys for Defendant Correction Officer Jones*
233 Broadway, Suite 2340
New York, New York 10279
212.233.3800


Dated: June 29, 2023
       New York, NY


**SO ORDERED:**

_____
ANALISA TORRES
United States District Judge